ACTION on the case for an injury to the reversionary estate and interest of the plaintiff, a minor, in certain lands and tenements in the town of Lewes, Sussex County, in the possession of his tenant, by an unlawful entry and trespass committed upon them by the defendants, which consisted in widening one of the public streets of the town in front of the premises, which they justified as town commissioners under the provisions of the act incorporating it, passed March 2nd, 1871, and a previous act of the Legislature passed March 5th, 1861, appointing certain commissioners to straighten and widen and lay out a new public road fifty feet wide of which the street in question *Page 623 
in front of the plaintiff's premises constituted a part, and who had soon afterward, pursuant to the provisions of it, straightened, and widened and laid out the same to the width of fifty feet, and caused a plot containing a description of it, with their decision that there was need of it for public convenience, to be returned to the Court of General Sessions for the county, and upon which a review had been granted and returned approving the same and had been duly confirmed by that court: but the portion of it which fronted the plaintiff's premises had not been straightened or widened under it, until the town commissioners proceeded to do so, but to a width of less than fifty feet, as an existing public road and street of the town of the width of fifty feet.
Moore, (Cullen with him), for the plaintiff, contended that as the town commissioners had proceeded to widen the street under the provisions of their town charter and had assessed and awarded damages to the plaintiff for the ground taken from him, but had failed to prove a tender of them to him, they could not justify the invasion of his premises under their charter, which was also pleaded by them; nor under the previous act of 1861, because they were not authorized to straighten, widen or open it under that act, nor could any one enter upon the premises of the plaintiff for the purpose of straightening and opening it to any greater width, except under the provisions of the previous act.
Layton, (Robinson with him) for the defendants, contended that they had the power, both under the provisions of the town charter and under the prior act of 1861, to enter upon the premises of the plaintiff and to straighten and widen that part of the street, as they had not increased the width of it beyond what was determined and established by the commissioners under the act of 1861, and which was confirmed on review by the court of General Sessions, and which made it a public road and public *Page 624 
property to the extent of the limits then established, so far as the private right of properly in it on the part of the plaintiff was concerned.
The Court,
That the justification pleaded under the act of 1861, was a good and complete defence to the action, as it had been proved that the defendants had opened it as town commissioners pursuant to the general powers conferred upon them as such by their charter in relation to the streets of the town; and they had a perfect right to do so without assessing or awarding any damages to the plaintiff, within the limits of the public road laid out under the act of 1861, and afterward duly approved and confirmed on review, by the Court of General Sessions of the Peace, and established as such.
The defendants had a verdict.